NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TATIANA E. ALDERSON, | No. 20-35638 |
| Plaintiff-Appellant, | D.C. 2:19-cv-00349-MKD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Argued and Submitted June 8, 2021
Seattle, Washington

Before: GILMAN**, GOULD, and MILLER, Circuit Judges.
Partial Concurrence by Judge MILLER

    This case involves an appeal from the district court's summary-judgment

order affirming the Commissioner of Social Security's denial of disability

insurance benefits and of supplemental security income under Titles II and XVI of

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the Social Security Act, respectively. Tatiana E. Alderson argues that the administrative law judge (ALJ) erred in (1) weighing the medical-opinion testimony, (2) failing to assess Alderson's (alleged) severe migraines as a "listed impairment," (3) discounting Alderson's credibility, and (4) failing to obtain an updated psychological examination. Both the Commissioner and the district court upheld the ALJ's denial of benefits.

1. Because substantial evidence in the record supports the ALJ's rulings on issues (1) and (2), we have no basis to set them aside. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (describing the "highly deferential standard of review" to be applied in determining whether the decision "was supported by substantial evidence and a correct application of the law"). The ALJ, however, failed to properly dispose of issues (3) and (4) for the reasons set forth below.

2. The record indicates that Alderson has been suicidal since age 13 and contains evidence of trauma-related disorders, severe anxiety, and chronic (as opposed to "situational") depression. In downplaying Alderson's credibility as to the severity of her mental illnesses, both the ALJ and the district court referenced the opinion of Alderson's mother as evidence that Alderson's suicide attempt in 2017 and her related depression were "based solely on a recent breakup." But reliance on the mother's opinion is questionable both because of Alderson's

"conflictive relationship with her mother" and because the record shows a much longer history of trauma-related disorders and depression.

3. The ALJ also faulted Alderson for not seeking mental-health treatment. Although a failure to seek additional treatment can sometimes indicate that a petitioner's subjective testimony as to her physical ailments is not credible, *see, e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160–162 (9th Cir. 2008), the ALJ erred in using a failure to seek treatment as a basis to discount Alderson's credibility regarding her depression and other mental illnesses, *see Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (It "is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment.") (citation omitted).

4. The ALJ further erred in failing to order a new psychological examination. Alderson's last psychological examination was in September 2016, with Dr. Jenifer Schultz, Ph.D., evaluating Alderson's prognosis as "guarded" and Alderson's last mental-status examination was in December 2017 when her mental state was evaluated following a suicide attempt and found to be "abnormal." All of this took place well before Alderson's hearing in May 2018.

5. Dr. Stephen Rubin, Ph.D., to whom the ALJ assigned "great weight," recommended obtaining another psychological examination because Alderson was very young and it had been more than a year since Dr. Schultz's 2016 evaluation.

The ALJ herself acknowledged that the file contained "very, very limited mental health counseling records." Alderson's counsel requested that the ALJ order a new psychological examination, but the ALJ denied the request despite Dr. Rubin's testimony that an updated psychological examination would help determine Alderson's current functioning. ("Atty: '[I] would ask that we follow up with our medical expert's request for [an] updated psychological evaluation.' ALJ: 'Okay. The request is denied.'").

6. "The ALJ always has a special duty to fully and fairly develop the record" in order to make a fair determination as to disability, even where, as here, "the claimant is represented by counsel." *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (internal quotation marks and citation omitted). This "affirmative responsibility to develop the record," *id*. at 1184, is necessary to ensure that the ALJ's decision is based on substantial evidence. In cases where an ALJ fails to develop the record, courts "cannot conclude that the ALJ's decision was based on substantial evidence . . . [when taking] the totality of [the claimant's] mental condition into account." *Id*. We therefore direct a remand for an updated psychological examination, and for further appropriate proceedings in light of that examination before a determination is made regarding Alderson's eligibility for benefits. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150–51 (9th Cir. 2001).

**REVERSED and REMANDED.**

4                                                                 20-35638

FILED

JUN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Alderson v. Saul*, No. 20-35638

MILLER, Circuit Judge, concurring in part and concurring in the judgment:

I agree that the ALJ erred in failing to obtain an updated psychological examination and that a remand is therefore appropriate. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150–51 (9th Cir. 2001). Because the agency will need to reassess the record after the new psychological examination, I would not reach the issues addressed by the court in sections 1 through 3 of the memorandum disposition. On remand, the agency should reconsider all evidence in light of the new examination.